**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**JONATHAN BRICKEN,**                    :
    **Plaintiff,**                         :          **11cv1992(WWE)**
                                          :
    **v.**                                 :
                                          :
**ROBERT DAVID BERGTHOLDT,**              :
**and BERGTHOLDT HEALTH**                 :
**ENTERPRISES, LLC,**                     :
    **Defendants.**                        :

<u>**MEMORANDUM OF DECISION ON MOTION TO DISMISS FOR LACK OF**
**PERSONAL JURISDICTION OR, IN THE ALTERNATIVE,**
**TO TRANSFER THIS ACTION TO THE DISTRICT OF COLORADO**
**PURSUANT TO 28 U.S.C. § 1404(a)**</u>

In this action, plaintiff Jonathan Bricken asserts that defendants Robert David

Bergtholdt and Bergtholdt Health Enterprises, LLC breached a promissory note.

Defendants now move for dismissal based on lack of personal jurisdiction and

improper venue or, in the alternative, to transfer this action to the district of Colorado

pursuant to 28 U.S.C. § 1404(a).

For the following reasons, the motion to dismiss or for transfer will be denied.

<u>**BACKGROUND**</u>

Plaintiff's complaint and attached affidavit allege the following factual

background.

Plaintiff sold defendants 218,068 shares of BioMedical Technology Solutions

Holdings, Inc.[1] ("Shares") for a secured promissory note of $160,000 and a Stock

Pledge Agreement dated July 20, 2009.  The Note was due 60 days after July 24, 2009.

--------

[1]BioMedical Technology Solutions Holdings, Inc. is located in Colorado.

Defendants sold 200,000 of the Shares in 2009 or 2010 but did not pay plaintiff the proceeds pursuant to the terms of the Note.  Plaintiff made a demand for payment in November 2010, but defendants failed or refused to respond.  As a result, plaintiff brought this action for breach of contract and unjust enrichment.

## DISCUSSION

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003).  At this stage of the proceedings, if the court relies upon pleadings and affidavits, the plaintiff must make out only a prima facie showing of personal jurisdiction, and the affidavits and pleadings should be construed most favorably to the plaintiff.  CutCo Industries, Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986).  To determine personal jurisdiction, the court must consider the facts as they exist at the time of plaintiff's filing.  Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 937 F.2d 44, 52 (2d Cir. 1991).

Where an agreement contains a valid and enforceable forum selection clause, it is not necessary to analyze jurisdiction under the state long-arm statutes or federal constitutional due process.  Nat'l Union Fire Ins. Co. Of Pittsburgh v. Frasch, 751 F. Supp. 1075, 1078 (S.D.N.Y. 1990).  Parties may consent to personal jurisdiction through forum-selection clauses in contractual agreements.  D.H. Blair & Co., Inc. V. Gottdiemen, 462 F.3d 95, 103 (2d Cir. 2006).

In determining whether a forum selection clause is enforceable, the Court must

2

consider whether (1) the clause was reasonably communicated to the party resisting enforcement; (2) the clause is mandatory rather than permissive; and (3) the claims and parties involved in the suit are subject to the forum selection clause.  Roby v. Corp of Lloyd's, 996 F.2d 1353, 1362 (2d Cir. 1993).  If the contract clause satisfies these three prongs, it is presumptively enforceable and the Court should consider whether the resisting party has rebutted that presumption by showing that enforcement would be unreasonable or unjust, or that the clause is invalid due to fraud or overreaching. Phillips v. Audio Active, Ltd., 494 F.3d 378, 383-384 (2d Cir. 2007).

Here, the Secured Promissory Note states:

As an additional consideration for the extension of credit, Maker and each endorser, surety, guarantor, and any other person who may become liable for all or any part of this obligation understand and agree that the loan evidenced by this Note is made in the State of the Holder's residence or domicile and the provisions hereof will be construed in accordance with the laws of such state, and such parties further agree that in the event of default this Note may be enforced in any court of competent jurisdiction in said state, and they do hereby submit to the jurisdiction of such court regardless of their residence or where this Note or any endorsement hereof may be executed.

Plaintiff is the Holder of the Note and was at the time of its execution a resident and domiciliary of the state of Connecticut.  Thus, the forum selection clause and submission of jurisdiction was reasonably communicated to defendants.

As to the second prong, a forum selection clause is considered mandatory where the clause specifies that the holder's choice is binding and the other parties have waived any personal jurisdiction or forum non conveniens arguments.  Global Seafood Inc. v. Bantry Bay Mussels Ltd., 659 F.3d 221, 225 (2d Cir. 2011); Export-Import Bank of United States v. HI-Films S.A., 2010 WL 3743826, * 6 (S.D.N.Y. 2010).  Here, the

3

clause does not specifically exclude other jurisdictions except if the Holder of the Note files an action in his state of residence (Connecticut), in which case the defendants must submit to such jurisdiction in that state.  Thus, the force of the clause is mandatory in this case where plaintiff has filed in Connecticut and defendants have agreed to submit to such jurisdiction.

The fourth prong is also satisfied as all the claims and parties are subject to the agreement.  Accordingly, the forum selection clause is presumptively enforceable.

A party may overcome the presumption of enforceablity by making a sufficiently strong showing that (1) fraud or overreaching occurred; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum state; or (4) trial in the selected forum will be so difficult and inconvenient that the party will be deprived of his day in court.  Phillips, 494 F.3d at 383.

Defendants argue that the trial should occur in Colorado where more of the witnesses reside.  Defendants also point out that a Colorado forum will not require defendant Bergthholdt to travel as far as Connecticut.  However, the fact that a trial may be more difficult in Connecticut does not rebut the presumption of enforceability.  See Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 10-11 (2d Cir. 1995) (enforcing clause requiring U.S. citizen to litigate in Greece).  Personal financial  difficulties are likewise insufficient to rebut the presumptions.  Export-Import Bank of United States, 2010 WL 3743826, *10 (S.D.N.Y. 2010).  Further, defendant Bergtholdt is a business man and therefore cannot assert that he was taken advantage of by more sophisticated party.  Accordingly, there is no showing either that (1) defendants will be deprived of their day

4

in court or (2) the agreement to submit to jurisdiction in Connecticut should not be enforced.

Improper Venue

Defendants argue that venue in Connecticut is improper in light of 28 U.S.C. § 1391, which sets forth that venue in a case brought pursuant to diversity jurisdiction should be "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." However, forum selection clauses raise issues of contractual agreement and are enforced unless fundamentally unfair. American Intern. Group Europe S.A. (Italy) v. Franco Vago Intern., Inc., 756 F. Supp. 2d 369 (S.D.N.Y. 2010). In light of the previous discussion, the Court finds that the forum selection clause is not fundamentally unfair.

Transfer Pursuant to 28 U.S.C. § 1404(a)

The defendants argue for transfer to the district of Colorado pursuant to Section 1404(a), which authorizes transfer to another district where venue is also proper. The purpose of Section 1404(a) is to have federal civil suits tried in the district most suitable in terms of convenience, efficiency and justice. New York Marine and General Ins. Co. v. Lafarge North America, Inc., 599 F.3d 102, 114 (2d Cir. 2010).

The Court must give deference to a strong presumption in favor of a plaintiff's choice of forum, which presumption may be overcome only by clear and convincing evidence that private and public interest factors favor trial in the alternative forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981). When a court weighs all of the relevant factors "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Ford Motor Co. v. Ryan, 182 F.2d 329,

330 (2d Cir. 1950).

The relevant factors are (1) locus of operative facts; (2) access to evidence; (3) convenience of witnesses; (4) availability of compulsory process to compel witness testimony; (5) convenience of the parties; (6) familiarity of the forum with governing law; (7) trial efficiency; (8) the relative financial means of the parties; and a catchall factor (9), interests of justice.  USES Mfg., Inc. v. Rocky Mountain Institute Research, 94 F. Supp. 2d 218, *223 (D. Conn. 2000).

Here, even assuming that the district of Colorado is a proper forum, the factors do not support defendants' assertion that the interests of justice would be served. Although certain witnesses and evidence may exist in the district of Colorado, a trial in Colorado would result in any burden of inconvenience being transferred to plaintiff. Further, there is a strong public policy in upholding the forum selection clause. Accordingly, the Court will deny the motion to transfer pursuant to 28 U.S.C. § 1404(a).

Request for Fees

Plaintiff requests fees due to defendants' assertion that the Note lacked a forum selection clause.  However, the Court does not find that such assertion was made in bad faith and will deny such request.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss, or in the alternative to transfer [doc. #8] is DENIED.

_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated this _19th__th day of July, 2012 in Bridgeport, Connecticut.

6